IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ORIGINAL

| | |
|---|---|
| Spectronix Ltd., an Israeli corporation, Plaintiff, v. Detector Electronics, a Minnesota corporation, Defendant. | Civil Action No. 01-CV-1255 DSD/JMM |

## ~~PROPOSED~~ ORDER ON CONFIDENTIALITY

1. This Protective Order shall apply to all information, documents and things subject to discovery in this litigation which are conveyed by any party or third party (hereinafter termed "conveying party") to another party (hereinafter termed "receiving party") in this litigation, including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission, documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (hereafter "discovery materials"), which are believed to contain trade secrets or other confidential and proprietary research, development, marketing or commercial information of the conveying party (hereafter "CONFIDENTIAL MATERIALS"), and/or which were received by the conveying party, from a third party, under an obligation of confidentiality. It is expressly contemplated and agreed that third party witnesses may invoke all provisions of this Protective Order which are available to a conveying party, and that the parties will treat all CONFIDENTIAL MATERIALS of third party witnesses, which information is designated in writing by the conveying party as such, in accordance with the terms of this Protective Order. The term CONFIDENTIAL MATERIALS as used herein is

FILED DEC 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.____
DEPUTY CLERK____

intended to be generic, and specific documents and things containing CONFIDENTIAL MATERIALS may be designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" as specified hereafter. Notwithstanding the foregoing, documents which are public records shall not be considered to be CONFIDENTIAL MATERIALS.

2. Each conveying party shall designate documents and things produced by it and answers to interrogatories and responses to other discovery demands deemed as CONFIDENTIAL MATERIALS with the following appropriate designation:

"CONFIDENTIAL"

OR

"CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY"

Said identifying and/or marking need not be made with respect to documents and things, until copies of said documents or things are requested after inspection and/or selection by the receiving party's counsel.

3. Making documents and things available for inspection shall not constitute a waiver by the conveying party of any claim of confidentiality, but delivery of documents and things to the receiving party without the identification specified in paragraph 2 shall constitute a waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the conveying party and such inadvertent or mistaken delivery is thereafter, within ten (10) business days of delivery of the document, brought to the attention of the receiving party. Upon such notice, and upon receipt of properly marked documents, the receiving party shall return said unmarked documents and things and not retain unmarked copies thereof and shall treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL MATERIALS.

4. (a) CONFIDENTIAL MATERIALS designated as "CONFIDENTIAL" shall be made available only to and inspected only by (i) outside counsel of record (including stenographic, clerical and paralegal employees of outside counsel) and outside companies engaged by them such as independent copying companies, temporary services, computer graphics companies, professional photographers and/or photographic studios; (ii) outside experts or consultants (in accordance with the provisions of paragraph 5); (iii) the Court and its personnel; (iv) members of the jury; (v) court reporters; and (vi) representatives of the Plaintiff and the Defendant whose duties require them to assist outside counsel of record to prepare for trial. Each person other than those set forth in paragraphs 4(a)(i), (iii), (iv) and (v) must execute an undertaking of the form attached as Exhibit A before being given access to CONFIDENTIAL MATERIALS.

(b) The representatives of the Plaintiff and Defendant designated to inspect CONFIDENTIAL MATERIALS which they are entitled to access, shall not be permitted any access to any CONFIDENTIAL MATERIALS designated CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY. This issue will be revisited by Plaintiff and Defendant with the Court as part of a pretrial motion for introduction of such materials at trial.

(c) Only those persons defined in paragraphs 4(a)(i) through 4(a)(v) shall have access, prior to trial, to CONFIDENTIAL MATERIALS designated as CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY.

5. Outside experts or consultants of the parties, including their stenographic and clerical personnel, whose advice and consultation are being or will be used by the parties in connection with preparing for depositions or for hearings of this litigation, including any motions in this litigation, may have access to information designated as CONFIDENTIAL MATERIALS provided that the disclosure of such CONFIDENTIAL MATERIALS to such outside experts or

consultants shall be made only on condition that each such expert or consultant first sign an undertaking in the form of Exhibit A attached hereto. Prior to the disclosure of any information designated as CONFIDENTIAL MATERIALS to any such expert or consultant, a copy of each signed undertaking and a detailed resume describing the background of each such person shall be provided to opposing counsel, who shall have ten (10) business days from the date of receipt of such notification to object to the disclosure of CONFIDENTIAL MATERIALS and to the expert or consultant who signed the undertaking by contacting the Court. Failure to make such contact within ten (10) business days shall be deemed a waiver of any objection to the disclosure of CONFIDENTIAL MATERIALS to the expert or consultant who signed the undertaking. No information designated as CONFIDENTIAL MATERIALS shall be disclosed to such experts or consultants during the ten (10) business day period for objection, or pending the resolution of any objection raised to the Court regarding the disclosure of CONFIDENTIAL MATERIALS to such experts or consultants.

6. Outside counsel shall keep in its files the originals of all signed undertakings prepared in accordance with this Protective Order.

7. Copies of CONFIDENTIAL MATERIALS bearing either identification specified in paragraph 2, and their contents, shall not be disclosed or made public by counsel or authorized personnel to whom they are disclosed, unless they become part of the public record of this litigation other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other than the Court and its support staff and the persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order. Unless otherwise agreed to by the parties, CONFIDENTIAL MATERIALS shall not be used by the receiving party for any purpose other than for use in this litigation. To the extent it is necessary to file CONFIDENTIAL

MATERIALS with the Court in connection with proceedings in this litigation, they shall be filed in sealed envelopes prominently marked with the caption of the suit and the notation:

"CONTAINS CONFIDENTIAL INFORMATION SUBJECT
TO A PROTECTIVE ORDER.
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

8. The following may be designated by a producing party as CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY:

(a) any materials containing financial information including, but not limited to, sales and profits/loss data;

(b) any materials containing financial arrangements with third party suppliers; or prices and other cost information relating to the parties' products, and components thereof;

(c) any materials reflecting operating or fixed costs;

(d) any materials containing information regarding products or systems not yet for sale or otherwise publicly disclosed;

(e) any materials containing marketing, business or advertising plans, reports, forecasts, and strategy reports;

(f) highly competitive sensitive technical or business information; and

(g) other material that the conveying party reasonably believes would cause competitive harm to the conveying party if disclosed.

9. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or of material the disclosure of which might constitute a breach of an agreement with a third party. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such material.

10. CONFIDENTIAL MATERIALS may be used in motion papers or in testimony at hearings and may be offered in evidence at hearings, all subject to paragraphs 4, 5, 7, and 8 hereof and to any further order regarding confidentiality as the Court may enter, and may be used to prepare for discovery or to conduct discovery (including depositions and including the disclosure to a witness at a deposition or at hearing who is an author or copy recipient of a document containing CONFIDENTIAL MATERIALS, or who is an employee or representative of the party providing CONFIDENTIAL MATERIALS but is not otherwise authorized to receive such disclosure under this agreement), to prepare for hearings, and to support or oppose any motion, all subject to the provisions of this Protective Order.

11. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. A party objecting to the designation of documents or material as either CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY shall provide written notice of the objection to the producing party by telefacsimile. The notice shall state with specificity the documents or materials objected to. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from the Court. The conveying party shall have the burden of demonstrating that the documents or materials objected to are properly designated pursuant the Order. Filing of such a motion will result in the documents or materials specified in the notice being maintained as CONFIDENTIAL MATERIALS pursuant to the provisions of this Protective Order pending determination of the matter by the Court or resolution of the matter by the parties.

12. This Protective Order shall not prevent either of the parties or any third party from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order,

subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any third party believed to be violating their rights.

13. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by the receiving party, (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession thereof, without restrictions.

14. Regardless of the provisions of paragraph 13, any document produced as containing CONFIDENTIAL MATERIALS shall be treated as confidential unless the confidentiality designation is removed in accordance with the other provisions of this Protective Order.

15. After final termination of this litigation, each receiving party shall either return all CONFIDENTIAL MATERIALS of the conveying party in its or their possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing include or reflect receiving counsel's work product), to counsel for the conveying party or shall certify the destruction thereof, except that outside counsel for each party, and only said outside counsel, may, if they so elect, retain one

copy of each document or material received, one copy of each deposition or hearing transcript, one copy of each deposition or hearing exhibit and one copy of each item containing information designated CONFIDENTIAL MATERIALS filed with the Court pursuant to this Protective Order.

16. If counsel for a conveying party believes that questions put to a witness in a deposition will disclose information constituting CONFIDENTIAL MATERIALS, or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination constitute such materials, such counsel may so notify opposing counsel, and the portion of the deposition of such witness containing such materials shall be designated by counsel for the producing party as "Confidential", and shall thereafter until the designation is removed, be taken in the presence only of persons entitled to have access to CONFIDENTIAL MATERIALS designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY, as the case may be, under this Protective Order and, specifically subject to the provisions of paragraphs 4 and 8, the witness and the reporter. Such documents, to the extent that they are or contain CONFIDENTIAL MATERIALS shall be exhibited only to the persons entitled to have access to CONFIDENTIAL MATERIALS under this Protective Order, and to the reporter. However, nothing in the paragraph shall be construed to prohibit a party from permitting others of its choice, such as its employees, to be present during discussions of its own CONFIDENTIAL MATERIALS. Each page of those portions of deposition transcripts and exhibits which are designated CONFIDENTIAL shall be appropriately marked as to the specific designation of the CONFIDENTIAL MATERIALS contained therein.

17. Within thirty (30) days of receipt of a copy of a deposition transcript a party claiming confidentiality of the testimony shall specifically identify in writing served on the

opposing party the portions of the transcript considered CONFIDENTIAL OR CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY as the case may be.

18. No copy of any deposition transcript taken by either party which is designated in part or in whole as containing CONFIDENTIAL MATERIALS in accordance with paragraph 16 or 17 above shall be furnished by the reporter to any person other than outside counsel and the witness.

19. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, the parties may agree to allow such access or any party may move the Court for an Order that such person be given access thereto. In the event that an agreement is reached or the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an undertaking in the form of Exhibit A attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

20. This Protective Order shall survive the final termination of this litigation with respect to any retained CONFIDENTIAL MATERIALS.

21. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on CONFIDENTIAL MATERIALS; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not specifically or generally disclose any item or information designated as CONFIDENTIAL MATERIALS to people other than those permitted to receive such information pursuant to paragraph 4.

It is so ORDERED this 10 day of December, 2001.

Magistrate Judge John M. Mason

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Spectronix Ltd., an Israeli corporation, Plaintiff, v. Detector Electronics, a Minnesota corporation, Defendant. | Civil Action No. 01-CV-1255 DSD/JMM |

DECLARATION OF ________________________________________
print name

1. I represent that I have been provided and have read the Stipulated Protective Order entered in the above captioned matter, and that I will abide by its terms and conditions in handling any designated CONFIDENTIAL MATERIALS, and will not disclose or use such information, except in accordance with the terms of the Order.

2. Promptly upon termination of this matter, I will return all CONFIDENTIAL MATERIALS which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

3. I hereby submit to the jurisdiction of the Court for the purposes of enforcement of the Stipulated Protective Order.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated:____________________ ________________________________
Signature

Address: ________________________________

________________________________

Current Employer: ________________________________

________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802


# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.