UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SPECTRONIX LTD.,

Plaintiff,

v.

DETECTOR ELECTRONICS CORPORATION,

Defendant.

CIVIL NO. 01-1255 (DSD/SRN)

ORDER

The above matter came on for hearing before the undersigned on July 10, 2002 upon Plaintiff's Motion For Protective Order [Docket No. 33], Plaintiff's Motion to Enforce Order and For Sanctions [Docket No. 48] and Defendant's Motion to Compel Orderly Production [Docket No. 75]. Eric Chadwick, Esq. and Scott Ulbrick, Esq. appeared on behalf of Plaintiff; Paul Lacy, Esq. and Albert Underhill Esq. appeared on behalf of Defendant. At the hearing, Plaintiff's Motion to Amend Its Reply to Defendant's Counterclaim [Docket No. 70] and Defendant's Motion to Amend Counterclaim to Add Spectrex Inc., as a Counterclaim Defendant [Docket No. 73] were granted. Defendant's Motion to Amend Pretrial Scheduling Order [Docket No. 65] is not addressed in this Order and remains under advisement with the Court.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion For Protective Order [Docket No. 33] is granted;

2. Plaintiff's Motion to Enforce Order [Docket No. 48-1] is granted as follows:

JUL 2 6 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. On or before July 31, 2002, Defendant will formally supplement its response to Plaintiff's Interrogatory No. 53 by stating that it has consulted with Santa Barbara Research and ensured that all documents relied upon in creating the chart have been compiled and produced, provided such documents exist. Counsel's letter of July 19, 2002 is not sufficient to comply with this Order.

b. On or before July 19, 2002, Defendant will formally supplement its answer to Plaintiff's Interrogatory No. 59 by stating that it has completed its investigation and identified any oral agreement which may exist, or has existed, apart from the written agreement, and disclosed the terms of those agreements to Plaintiff. Counsel's letter of July 19, 2002 is not sufficient to comply with this Order.

3. Plaintiff's Motion For Sanctions [Docket No. 48-2] is denied;

4. Defendant's Motion to Compel Orderly Production [Docket No. 75] is denied as moot, based on the representations of Plaintiff that it will answer any outstanding interrogatories to this effect in a timely manner.

Dated: July 26, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

## MEMORANDUM

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DOCKET NO. 33]

Plaintiff has identified Professor Robert Rusack as its expert witness on the issue of claim construction in the underlying patent dispute. Professor Rusack has prepared a declaration and testified to his opinions on this issue.[1] Plaintiff's counsel has also sought Professor Rusack's opinion on issues relevant to the pending litigation but that do not concern claim construction. During the deposition of Professor Rusack on May 9, 2002, Defendant questioned him in regards to the non-claim construction matters. Instructing Professor Rusack not to answer, Plaintiff objected to the line of questioning on the grounds that Defendant has not made the required showing under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure for discovery of work-product information.

The Parties now appear before the Court on Plaintiff's Motion for an order pursuant to the provisions of Rule 26(b) of the Federal Rules of Civil Procedure, protecting as privileged, any matters on which it has consulted with Professor Rusack that do not involve the issue of claim construction. Defendant disputes the basis of Plaintiff's objection, arguing that the work-product privilege has been waived with respect to any and all information Plaintiff disclosed to Professor Rusack.

### Scope of Expert Discovery Under Rule 26(b)(2)

The Parties do not dispute that the information sought by Defendant falls within the ambit of the work-product doctrine and that it relates to issues outside the scope of Professor Rusack's testimony. The issue before the Court is whether disclosures made

---

[1] Professor Rusack testified at the Markman hearing before the District Court on May 24, 2002 [Docket No. 54].

to a testifying expert in his/her capacity as a consultant, are discoverable when those disclosures fall outside the scope of the expert's testimony.

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that information disclosed to a testifying expert in connection with his/her testimony is discoverable by an opposing party, whether or not the expert relies on the information in offering an opinion. In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001). In cases where an expert is retained to not only testify, but also consult with counsel on issues not related to the testimony, the protections of the work-product doctrine may be invoked with respect to those matters on which the expert has merely consulted. Construction Industries Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 52 (E.D.N.Y. 2001); see also B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc., 171 F.R.D. 57, 60 (S.D.N.Y. 1997)(documents having nothing to do with the preparation of the expert report or testimony need not be produced). To benefit from the protections of the work-product doctrine, there must be a clear distinction between the issues on which the expert offered testimony and those addressed in his/her capacity as a consultant. Western Resources Inc. v. Union Pacific Railroad Co., 2002 WL 181494 *10-11(D. Kan. 2002)(citing, Messier v. Southbury Training School., 1998 WL 422858 *2 (D. Conn. 1998)(any ambiguity about which function an expert has served in creating a document must be resolved in favor of discovery).

The disclosures made to Professor Rusack in his capacity as a consultant are not discoverable under Rule 26(a)(2). The plain language of the rule mandates discovery of "data or other information considered by the [expert] in forming the opinions" to which s/he is testifying." Fed. R. Civ. P. 26(a)(2)(B). Professor Rusack was retained by

Plaintiff to offer expert testimony on the issue of claim construction and consult on other matters related to the pending litigation. Defendant does not contend, and the record does not suggest, that disclosures unrelated to claim construction were considered by Professor Rusack in offering his testimony. Plaintiff has also not identified Professor Rusack as a trial witness on any issue other than claim construction.[2] For these reasons, Plaintiff has not waived the protections of the work-product doctrine with respect to any non-claim construction disclosures made to Professor Rusack. In absence of a showing of "exceptional circumstances" as required under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure, Defendant is not entitled to discovery of any disclosures made by Plaintiff, to Professor Rusack, that fall outside the scope of his expert testimony.

S.R.N

[2] Pursuant to the Pretrial Scheduling Order, Plaintiff has until September 1, 2002, to identify Professor Rusack as a trial witness on issues other than claim construction.